COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Clayton Homer Bruno v. State of Texas

Appellate case numbers:  01-13-00380
                          01-13-00381

Trial court case number:  1330602
                          1330604

Trial court:              179th District Court of Harris County

Appellant has appealed the trial court's judgment in the above listed causes of action. On September 7, 2013, the court reporter, Myrna Hargis, filed an information sheet in this Court indicating:

> "The record cannot be filed because it is not complete. The first day is ready. The second day is incomplete because of technical problems. Therefore, there is no record to file. I spent many, many hours on the phone with the software company and since there are no other backups, it's impossible to file a record I don't have."

Texas Rule of Appellate Procedure 34.6(f) provides:

> (f) An appellant is entitled to a new trial under the following circumstances:
>
> (1) if the appellant has timely requested a reporter's record;
>
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
>
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeals resolution; and
>
> (4) if the lost destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or

the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Accordingly, because it appears that the trial court's reporter's record has been "lost or destroyed," we abate these appeals and remand to the trial court for the parties and, if necessary, the trial court to comply with the procedures set forth in Rule 34.6(f).

These appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket if and when an agreement is reached between the parties and supplemental records are filed with the Clerk of this Court indicating compliance with Rule 34.6(f).

It is so ORDERED.


Judge's signature: /s/ Rebeca Huddle
× Acting individually   ☐ Acting for the Court


Date: October 29, 2013